UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER, | CASE NO. 1:10-CV-01811-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS |
| v. | (DOCS. 3, 6, 8, 9) |
| JENNINGS, et al., | |
| Defendants. | |

Plaintiff Samuel Kenneth Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions, including (1) Plaintiff's motion for the Court to order a polygraph examination or take judicial notice to preserve video records, filed October 1, 2010; (2) Plaintiff's motion for an order granting a Rule 56(f) motion, filed October 18, 2010; (3) Plaintiff's motions for default judgment, filed December 23 and December 27 of 2010. Docs. 3, 6, 8, 9.

I.   **Motion For Polygraph Or Judicial Notice**

Plaintiff moves for the Court to order a polygraph examination to occur. Doc. 3. Plaintiff cites to the Department Operations Manual ("DOM") of the CDCR. The DOM has no bearing on this action. If Plaintiff is requesting a polygraph examination as a preliminary

1

injunction, Plaintiff's motion is denied.  A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 129 S. Ct. at 376.  An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Id.* Here, Plaintiff fails to demonstrate any irreparable harm regarding a polygraph examination.

Plaintiff also requests that the Court take judicial notice and order all audio and video recordings concerning a specific crime/incident report be preserved.  The Court finds such actions to be premature.  Plaintiff is in effect seeking discovery.  Discovery has not been opened in this action. Plaintiff's request for judicial notice is also denied, as such evidence is not of the sort that the Court typically takes judicial notice. *See* Fed. R. Evid. 201.  Accordingly, Plaintiff's motion for polygraph or judicial notice, filed October 1, 2010, is denied.

**II.     Rule 56(f) Motion**

Plaintiff moves for a motion pursuant to former Rule 56(f) of Federal Rules of Civil Procedure, now codified as Rule 56(d).  Doc. 6.  This action has not reached the dispositive motion stage of the proceedings.  Accordingly, Plaintiff's motion is premature and denied.

**III.    Default Judgment**

Plaintiff moves for default judgment against Defendants. Docs. 8, 9.  However, the complaint has yet to be served on any Defendants in this action, and thus they are not yet parties to this action.  *See* Fed. R. Civ. P. 55(a) (default applies only to parties who have failed to plead or otherwise defend).  This Court will not direct service on any Defendants until after the

///

///

///

1 complaint has been screened and cognizable claims for relief have been alleged. *See* First
2 Informational Order ¶ 12, Doc. 4. Accordingly, Plaintiff's motions for default judgment are
3 denied.

5    IT IS SO ORDERED.
6       Dated: **May 6, 2011**        /s/ **Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE