# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER, | CASE NO. 1:10-CV-01811-AWI-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT |
| v. | (DOC. 18) |
| JENNINGS, et al., | |
| Defendants. | |

Plaintiff Samuel Kenneth Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendants Jennings, Lowe, and Darlene for violation of the Eighth Amendment. Pending before the Court is Plaintiff's motion to amend his pleadings, filed June 21, 2011. Doc. 17. The matter is submitted pursuant to Local Rule 230(l).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id.* The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)). However, "'[w]here the party seeking amendment knows or should know of the

1

1  facts upon which the proposed amendment is based but fails to include them in the original
2  complaint, the motion to amend may be denied,'" *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222
3  (9th Cir. 1988) (quoting *Jordan v. County of L.A.*, 669 F.2d 1311, 1324 (9th Cir. 1982),
4  *vacated on other grounds*, 459 U.S. 810 (1982)), and the "court's discretion to
5  deny leave to amend is particularly broad where the court has already given the plaintiff an
6  opportunity to amend his complaint," *Fidelity Financial Corp. v. Federal Home Loan Bank of*
7  *San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

8      Plaintiff seeks leave to amend to include the CDCR's internal affairs ("CDCR IA").  Pl.'s
9  Mot. 1.  Plaintiff contends that the CDCR IA conducted an investigation on July 22, 2009 into
10 Plaintiff's allegations in his first amended complaint.  *Id.* at 2.  Plaintiff alleges that the
11 investigation conducted after July 31, 2010 was a farce, since they claimed that no evidence
12 existed to support Plaintiff's claims.  *Id.*  Plaintiff alleges a violation of 42 U.S.C. § 15602.  *Id.* at
13 3.

14     Plaintiff's motion is denied.  Plaintiff seeks leave to amend to include CDCR as a
15 Defendant.  First, CDCR is entitled to Eleventh Amendment immunity.  The Eleventh
16 Amendment bars § 1983 actions against state agencies.  *Lucas v. Dep't of Corr.*, 66 F.3d 245,
17 248 (9th Cir. 1995) (per curiam).

18     Second, there is no cause of action pursuant to 42 U.S.C. § 15602.  Section 15602, also
19 known as the Prison Rape Elimination Act, authorizes the reporting of incidents of rape in
20 prison, allocation of grants, and creation of a study commission.  It does not, however, give rise
21 to a private cause of action.  *See*, *e.g.*, *McNaughton v. Arpaio*, No. CV 10-1250-PHX-DGC
22 (LOA), 2010 U.S. Dist. LEXIS 85033, at *6-7 (D. Ariz. July 21, 2010); *Bell v. County of L.A.*,
23 No. CV07-8187-GW(E), 2008 U.S. Dist. LEXIS 74763, 2008 WL 4375768, at *6 (C.D. Cal.
24 Aug 25, 2008); *LeMasters v. Fabian*, Civil No. 09-702 DSD/AJB, 2009 U.S. Dist. LEXIS 53016,
25 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); *Rindahl v. Weber*, No. CIV. 08-4041-RHB,
26 2008 U.S. Dist. LEXIS 105792, 2008 WL 5448232, at *1 (D.S.D. Dec.31, 2008); *see also*
27 *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997) (particular statutory provision gives rise to a
28 federal right enforceable under § 1983 only where the statute "unambiguously imposed a binding

1  obligation on the States" by couching pertinent statutory requirements "in mandatory, rather than
2  precatory, terms").
3      Plaintiff's motion to amend is futile.  *AmerisourceBergen Corp.*, 445 F.3d at 1136.
4  Accordingly, it is HEREBY ORDERED that Plaintiff's motion to amend, filed June 21, 2011, is
5  DENIED.
6      IT IS SO ORDERED.
7      Dated:   **November 29, 2011**                    **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE