# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SAMUEL KENNETH PORTER, | CASE NO. 1:10-CV-01811-AWI-DLB PC |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS BE DENIED |
| v. | |
| JENNINGS, et al., | (DOCS. 18, 28, 29) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**I.      Background**

Plaintiff Samuel Kenneth Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint against Defendants Jennings, Lowe, and Darling for failure to protect in violation of the Eighth Amendment. Pending before the Court are: 1) Plaintiff's motion for preliminary injunction, filed June 21, 2011; 2) Plaintiff's motion for Defendants to admit polygraph results, filed October 7, 2011; and 3) Plaintiff's motion for an order of examination, filed November 4, 2011. Docs. 18, 27, 28. The Court treats all motions as motions for preliminary injunction.

**I.      Motion For Preliminary Injunction**

Plaintiff moves for the Court to order a polygraph examination to occur. Plaintiff also requests single cell status. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

1

1   public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations
2   omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent
3   irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix
4   Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A preliminary injunction is an
5   extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. An injunction may
6   only be awarded upon a clear showing that the movant is entitled to relief. *Id.* at 22. Here,
7   Plaintiff fails to demonstrate any irreparable harm regarding a polygraph examination for
8   Defendants or Plaintiff. Additionally, Plaintiff is now incarcerated at Calipatria State Prison.
9   The events at issue in this action occurred at Corcoran State Prison. Calipatria prison officials
10  are not parties to this action. "A federal court may issue an injunction [only] if it has personal
11  jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to
12  determine the rights of persons not before the court." *Zepeda v. United States Immigration &
13  Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). The Court lacks jurisdiction to enforce
14  the rights of parties not before it. Accordingly, Plaintiff's motion for preliminary injunction,
15  filed June 21, 2011, should be denied.

16  **II.     Motion For Defendants To Admit To Polygraph Results**

17       Plaintiff moves for the Defendants to stipulate to the admission of Plaintiff's polygraph
18  results, and to order a polygraph to be conducted. First, there are no polygraph results. The
19  Court will not order that any polygraph tests be conducted. Even if Plaintiff is proceeding in
20  forma pauperis, the Court will not expend public funds without authorization by Congress.
21  *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (citing *United States v.
22  MacCollom*, 426 U.S. 317, 321 (1976)). There is no authorization for the Court here.
23  Accordingly, Plaintiff's motion, filed October 7, 2011, should be denied.

24  **III.    Motion For Order For Examination**

25       Plaintiff moves for the Court to order the CDCR to permit a state certified polygraph
26  examiner to examine Plaintiff. As state previously, the Court may not attempt to determine the
27  rights of parties not before it. Here, the CDCR is not a party to this action. The Court lacks
28  jurisdiction to require CDCR to act here. Accordingly, Plaintiff's motion, filed November 4,

2011, should be denied.

### IV. Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions, filed June 21, 2011, October 7, 2011, and November 4, 2011, construed as motions for preliminary injunction, should be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 20, 2011**              /s/ **Dennis L. Beck**
                                                                      UNITED STATES MAGISTRATE JUDGE