# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER, | CASE NO. 1:10-cv-01811-AWI-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY CONFERENCE (DOC. 27) |
| v. | |
| JENNINGS, et al., | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. 37) |
| Defendants. | |
| _____/ | |

Plaintiff Samuel Kenneth Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding on his first amended complaint against Defendants Jennings and Lowe.[1]  Pending before the Court is 1) Plaintiff's motion for discovery conference, filed September 16, 2011, and 2) Plaintiff's motion to compel, filed January 9, 2012.  Doc. 37.  On January 30, 2012, Defendants filed their opposition to the motion to compel. Doc. 40.  On February 17, 2012, Plaintiff filed his reply. Doc. 44.  The matter is submitted pursuant to Local Rule 230(l).

I.    **Motion For Discovery Conference**

Plaintiff moves for a discovery conference pursuant to Federal Rule of Civil Procedure 26(f).  Parties are generally required to confer prior to a scheduling order. Fed. R. Civ. P. 26(f).

---

[1] Defendant Darlene Austin has not been served or appeared in this action.

1

However, certain proceedings are exempt from this requirement. This includes "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv). This action was brought by Plaintiff, a prisoner proceeding pro se. It is thus exempt from the requirements of a discovery conference pursuant to Rule 26(f). Accordingly, it is HEREBY ORDERED that Plaintiff's motion for discovery conference, filed September 16, 2011, is denied.

## II. Motion To Compel

Plaintiff moves to compel further response to Requests For Production of Documents Nos. 1, 3, and 4.

### 1. Legal Standard

In responding to discovery requests, defendants must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested, or state an objection, including the reasons. *Id.* 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Such documents also include documents under the control of the party's attorney. *Meeks v.*

1  *Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009)
2  (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210,
3  212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his
4  attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill.
5  1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or
6  component thereof shall be released to any agency or person outside the department, except for
7  private attorneys hired to represent the department, the office of the attorney general, the Board
8  of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").

### 2. Requests For Production ("RFP")

**RFP NO. 1:** "The Supplemental Report of FAP-09-07-0349."

**RESPONSE:** Defendant objects to this request because it is speculative, vague and overbroad. Furthermore, the information is not within the Defendant's possession custody or control.

Plaintiff contends that he made a report regarding this incident, referring to page 32 of Document 12, filed April 14, 2011. Pl.'s Mem. P. & A. 2, Doc. 37. Plaintiff refers to an exhibit in his First Amended Complaint, a crime and incident report No. CAL-FDP-09-07-0349, dated July 31, 2009. Defendants contend that the incident report was filed at Calipatria State Prison and that 1) Defendants, who work at Corcoran State Prison, would not be aware of it, or have possession, custody, or control over it, and 2) Plaintiff already has custody over this document. Defs.' Opp'n 3:4-14.

Plaintiff alleges that the failure to protect incident occurred in 2008. The report to which Plaintiff refers occurred after the alleged incident in this action occurred. Plaintiff has failed to demonstrate how Defendants would have possession, custody, or control over this document. Additionally, Plaintiff appears to already possess this document because it is attached as an exhibit to his first amended complaint. The Court must limit discovery if the discovery sought can be "obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Accordingly, Plaintiff's motion to compel further response to RFP No. 1 is denied.

1  **RFP NO. 3:**   Pursuant to 2639 do you & your constituents possess physical and testimonial
2                  evidence shall be carefully preserved for use in future proceedings.
3  **RESPONSE:** Defendants object to this request on the grounds that it is not a request for
4                 production of documents, but an interrogatory. Furthermore, Defendants object to
5                 this request on the grounds that it is argumentative, speculative, overbroad,
6                 compound, vague and seeks documents not reasonably calculated to lead to the
7                 discovery of admissible evidence.

8        Plaintiff contends that these documents must be kept pursuant to the Department
9  Operations Manual. Pl.'s Mem. P. & A. 2. Defendants contend that Plaintiff's request is
10 actually an interrogatory. Defs.' Opp'n 3:15-16.

11       As phrased, Plaintiff's request is an interrogatory. That alone does not preclude
12 Defendants from responding. However, it is unclear what Plaintiff requests. The request as
13 phrased is vague. Accordingly, Plaintiff's motion to compel further response to RFP No. 2 is
14 denied.

15 **RFP NO. 4:**   Any prior misconduct of named defendants (include reports).
16 **RESPONSE:** Defendants object to this request on the grounds that it is not a request for
17                production of documents, but an interrogatory. Defendants object to this request
18                on the grounds that it is overbroad, compound, vague and seeks documents not
19                reasonably calculated to lead to the discovery of admissible evidence.
20                Furthermore, Defendant objects because this request assumes facts not in
21                evidence, and the requested information is privileged and its disclosure would
22                violate Defendant's right to privacy. Lastly, the requested information is not
23                within the Defendant's possession custody or control.

24       Plaintiff contends generally that this information should be provided. Pl.'s Mem. P. & A.
25 2. Defendants contend the request is an interrogatory. Additionally, Defendants contend that the
26 request violates Defendants' confidential government privilege. *See Sanchez v. City of Santa*
27 *Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991) (for government personnel files, courts must weigh
28 potential benefits of disclosure against potential disadvantages).

4

Defendants are incorrect that the request is an interrogatory. Plaintiff seeks production of any prior misconduct by the named Defendants, including reports. However, Plaintiff's request is overbroad. "Any prior misconduct" encompasses a large array of possible information, not all of which is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Plaintiff's motion to compel further response to RFP No. 3 is denied.

### III.   Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for discovery conference, filed September 16, 2011, is denied; and

2. Plaintiff's motion to compel, filed January 9, 2012, is denied.

IT IS SO ORDERED.

Dated:   **April 24, 2012**                               **/s/ Dennis L. Beck**
                                                                     UNITED STATES MAGISTRATE JUDGE

5