# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER,<br><br>Plaintiff,<br><br>v.<br><br>JENNINGS, et al.,<br><br>Defendants. | Case No. 1:10-cv-01811-AWI-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTION**<br><br>(ECF Nos. 62, 70) |

Plaintiff Samuel Kenneth Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint against Defendants Jennings, Lowe, and Darling for failure to protect in violation of the Eighth Amendment. Pending before the Court are: 1) Plaintiff's motion to compel, filed June 11, 2012, and 2) Plaintiff's motion for sanctions, filed July 18, 2012. ECF Nos. 62, 70. On August 7, 2012, Defendants filed an opposition to Plaintiff's motion for sanction. ECF No. 77. CDCR, a non-party, and the real subject of the motion, also responded. ECF No. 78. On August 16, 2012, Plaintiff filed his reply. ECF No. 79. The matter is submitted pursuant to Local Rule 230(l).

I.  **Motion to Compel**

Plaintiff moves to compel the production of documents which were requested in the subpoena duces tecum served on the Custodian of Records at Corcoran State Prison.[1] ECF No. 62. Plaintiff subsequently filed a motion for sanction on July 18, 2012, regarding the subpoena duces

---

[1] On June 11, 2012, the Court directed the United States Marshal to effect service of a subpoena duces tecum on the Custodian of Records. ECF No. 61.

1

tecum.  The motion for sanction more fully addresses the arguments raised by the parties and CDCR. Accordingly, Plaintiff's motion to compel is denied as moot.

## II.     Motion for Sanction

Plaintiff moves for sanction against the Custodian of Records for failing to produce the documents requested in the subpoena duces tecum.  ECF No. 70.  Plaintiff contends that the Custodian of Records was served but failed to respond.  Plaintiff also requests sanction against Defendants as they are co-employees with the Custodian of Records.

Defendants contend that the Custodian of Records is a non-party and thus the non-party's actions cannot subject Defendants to sanction.  ECF No. 77.  Defendants are correct.  The subpoena duces tecum was served on a non-party, not Defendants.  Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, it is the person being served with the subpoena who can be subject to such sanction for failure to respond or comply.

CDCR responded by stating that it did not receive the subpoena until August 1, 2012.  ECF No. 78.  CDCR submits a declaration from litigation coordinator M. Kimbrell of Corcoran State Prison.  Additionally, the Court recently docketed the executed subpoena.  ECF No. 84.  The subpoena was not served until August 1, 2012.  Thus, CDCR had thirty days from the date of service of the subpoena by which to produce the requested documents.[2]  On September 11, 2012, CDCR further responded by stating that the Custodian of Records at Corcoran State Prison has produced responsive documents regarding Request No. 1.  ECF No. 83.  Thus, it appears that Plaintiff's motion for sanction is now moot.

Plaintiff in reply requests that the Court order service of a modified subpoena duces tecum as to Request No. 2, concerning the crime/incident report CAL-FDP-09-07-0349.  ECF No. 79. Plaintiff requests that it be served on the Custodian of Records at Calipatria State Prison.  The Court finds the request reasonable and will issue a separate order directing personal service of such subpoena by the United States Marshal.

///

---

[2] CDCR notes that the Custodian of Records for Corcoran State Prison is not in possession of the second requested documents concerning crime/incident report No. CAL-FDP-09-07-0349.  CDCR contends that Plaintiff is in possession of the non-confidential portions of the crime report because he attached it to the first amended complaint.

**III.     Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed June 11, 2012, and motion for sanction, filed July 18, 2012, are denied as moot.

IT IS SO ORDERED.

Dated:   **September 21, 2012**              /s/ Dennis L. Beck
                                             UNITED STATES MAGISTRATE JUDGE