UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER, | Case No. 1:10-cv-01811-AWI-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS BE DENIED** |
| v. | |
| JENNINGS, et al., | (ECF Nos. 57, 60, 72) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Samuel Kenneth Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint against Defendants Jennings, Lowe, and Darling for failure to protect in violation of the Eighth Amendment. Pending before the Court are: 1) Plaintiff's motion regarding retaliation by library staff and correctional officers, filed April 27, 2012; 2) Plaintiff's motion for a polygraph, filed June 1, 2012; and 3) Plaintiff's motion for a court order, filed July 18, 2012. ECF Nos. 57, 60, 72. The Court treats all motions as motions for preliminary injunction.

I.  **Motion Regarding Retaliation by Library Staff and Officers**

Plaintiff contends that he is being impeded from going to the law library by correctional officers at Calipatria State Prison, and requests a court order that he be allowed access. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

1

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24.  An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Id.* at 22.

Plaintiff is now incarcerated at Calipatria State Prison.  The events at issue in this action occurred at Corcoran State Prison.  Calipatria prison officials are not parties to this action.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).  The Court lacks jurisdiction to enforce the rights of parties not before it.  Accordingly, Plaintiff's motion, filed April 27, 2012, and construed as a preliminary injunction, should be denied.

## II. **Motion for Polygraph**

Plaintiff complains that Defendants refuse to consent to a polygraph test.  The Court in previous orders had found that Plaintiff has no right to require Defendants to take a polygraph test. Findings and Recommendations ("F&R"), ECF. No. 34; Order Adopting F&R, ECF No. 58.  Again, the Court finds no legal basis to grant Plaintiff's motion.  Plaintiff's motion, filed June 1, 2012 and construed as a motion for preliminary injunction, should be denied.

## III. **Motion for Court Order**

Plaintiff complains that he is not receiving access to the law library, and that he is unable to copy his exhibits.  Again, the Court lacks jurisdiction over Calipatria prison officials, and that will deny the motion.

## III. **Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions, filed April 27, 2012, June 1, 2012, and July 18, 2012, and construed as motions for preliminary

injunction, should be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 21, 2012**              /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE