# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN JENNINGS, et al.,<br><br>Defendants. | Case No. 1:10-cv-01811-AWI-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DEFER SUMMARY JUDGMENT AND EXTEND DISCOVERY DEADLINE**<br><br>ECF No. 104<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>ECF No. 103 |

Plaintiff Samuel Kenneth Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amended Complaint against Defendants Jennings, Lowe, and Darlene for deliberate indifference in violation of the Eighth Amendment.[1] ECF No. 12. On June 25, 2012, Defendants filed a Motion for Summary Judgment. On September 28, 2012, the Court granted Plaintiff an extension of time to file his opposition. On October 31, 2012, Plaintiff filed his opposition. On November 7, 2012, Defendants filed their reply.

Pending before the Court is Plaintiff's motion to defer summary judgment, conduct additional discovery, and amend his complaint, filed November 29, 2012. ECF No. 104. On

---
[1] Defendant Darlene has not been served with process or appeared in this action.

1

December 17, 2012, Defendants filed their opposition.  ECF No. 107.  On January 11, 2013, Plaintiff filed his reply.  Also pending is Plaintiff's motion for sanctions, filed December 3, 2012.  ECF No. 103.  On December 10, 2012, Defendants filed their opposition.  ECF No. 105.  The matters are submitted pursuant to Local Rule 230(l).

## I. Motion to Defer Summary Judgment and for Further Discovery

Plaintiff contends that CDCR failed to properly respond to various subpoena duces tecum served by the Court on behalf of Plaintiff.  Plaintiff requests that he be allowed to amend his complaint to add more facts and more Defendants.  Plaintiff also requests additional time for further discovery to obtain a certified statement that all allegations of peace officer misconduct are required to be audio-recorded.

Defendants contend that Plaintiff's motion should be denied because the deadline to amend the pleadings and to conduct discovery has passed, and Plaintiff has presented no good cause for modification of the schedule.  Defs.' Opp'n 2:26-6:14.

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).  Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a pretrial scheduling order "shall not be modified except upon a showing of good cause," and leave of court.  Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).  Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

Having considered the parties' arguments, the Court finds no good cause exists for modification of either deadline.  With regards to the deadline to amend pleadings, Plaintiff presents no documents demonstrating that good cause exists to allow Plaintiff to amend.  Plaintiff's submitted documents do not indicate any newly discovered facts or other reason to now allow leave to amend.  With regards to the deadline to conduct discovery, Plaintiff presents no argument that would merit granting modification.  The lack of audio or video recordings concerning Plaintiff's alleged incident reports is not a basis for granting a modification.  Based on the representations by the custodians of

records, no such audio or video recordings exist.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to defer summary judgment and for further discovery, filed November 29, 2012, is denied.

## II.     Motion for Sanctions

Plaintiff moves for sanctions against Defendants for alleged late production of discovery. Plaintiff contends that Defendants failed to produce the discovery in a timely manner.  Defendants contend that Plaintiff's motion should be denied because 1) the discovery was timely produced, and 2) Defendants were not responsible for production of the discovery.

A review of the submitted documents and the record in this action indicates that Defendants are correct.  The discovery at issue was produced as a result of service of a subpoena duces tecum, which was served on the Calipatria State Prison's custodian of records on October 15, 2012. ECF No. 99.  The subpoena required that responses be served within thirty days from the date of service of the subpoena.  The custodian of records served the discovery response on November 15, 2012. Thus, discovery was timely produced.

Defendants did not produce the documents at issue because they were not served the subpoenas duces tecum.  As stated previously to Plaintiff regarding discovery sanctions, any issues that Plaintiff has with discovery produced in response to the subpoena can be remedied only against the producing entity.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for sanctions, filed December 3, 2012, is denied.

IT IS SO ORDERED.

Dated:     **February 11, 2013**                            /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE