UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAPTAIN JENNINGS, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-01811-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED**<br><br>ECF No. 66<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

I.   **Background**

　　Plaintiff Samuel Kenneth Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint, filed April 14, 2011 against Defendants Jennings, Lowe, and Darlene for deliberate indifference in violation of the Eighth Amendment. On June 25, 2012, Defendants filed a Motion for Summary Judgment. ECF No. 66. After receiving an extension of time, Plaintiff filed his opposition on October 31, 2012.[1] ECF No. 96. On November 7, 2012,

---

[1] On July 18, 2012, Plaintiff was notified by Defendants of the requirements for opposing Defendants' motion for summary judgment in compliance with *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).

1

Defendants filed their reply. ECF No. 98. The matter is submitted pursuant to Local Rule 230(l).

## II. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co.*

*v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

### III. Statement of Facts[2]

---

[2] **Error! Main Document Only.**All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Plaintiff's opposition is disorganized and does not provide direct citations to portions of any documents supporting denial.

Plaintiff's verified complaint may be treated as an opposing affidavit to the extent that it is verified and sets forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Court will consider only those facts and evidence that are relevant to resolving the motion for summary judgment.

**A.     Defendants' Undisputed Facts**

Plaintiff is a California State prisoner in the custody of the CDCR. ECF No. 12 at 4; Pl. Dep. 5:2-4. From May 5, 2005, to June 13, 2007, Plaintiff was housed at Ironwood State Prison (Ironwood). Delgado Decl., Ex. B at 1c-1d; Ex. C at 2. From June 13, 2007, to June 25, 2008, Plaintiff was housed at Centinela State Prison (Centinela). Delgado Decl., Ex. B at 1d; Ex. C at 1-2. From June 25, 2008, to March 10, 2009, Plaintiff was housed at California State Prison, Corcoran (CSP–Corcoran). Delgado Decl., Ex. B at 1d; Ex. C at 1. From March 10, 2009, to present, Plaintiff has been housed at Calipatria State Prison (Calipatria). Delgado Decl., Ex. B at 1d; Ex. C at 1.

On July 22, 2009, during a daily mental health session with his psychologist, Dr. Ault, Plaintiff reported that he had been sexually assaulted in CDCR institutions on two previous occasions: once at Centinela in 2007, and once at CSP–Corcoran in 2008. ECF No. 12 at 26-27, 32; Pl. Dep. 18:23 to 19:6. Three days later, on July 25, 2009, Plaintiff filed an inmate grievance, Log No. CALD-09-01376, asking that he be granted single-cell status based on the sexual assaults that he had allegedly been subject to in previous CDCR institutions. ECF No. 12 at 21-22; Delgado Decl., Ex. D.

Plaintiff's inmate grievance, Log No. CAL-D-09-01376, and his request to be assigned single-cell status, were later denied at the First- and Second Levels of Review, as well as at the Director's Level of Review, based on the lack of supporting evidence. ECF No. 12 at 21-22; Delgado Decl., Ex. D. A thorough review of Plaintiff's central inmate file was conducted in connection with his grievance, and it revealed no history of in-cell sexual predatory behavior. ECF No. 12 at 21; Delgado Decl., Ex. D.

On July 31, 2009, Dr. Ault relayed the information she had received from Plaintiff to correctional staff at Calipatria. ECF No. 12 at 26-27, 31-32. Correctional staff at Calipatria completed a Crime Incident Report that addressed Plaintiff's rape allegations. ECF No. 12 at 26-32. The report noted that upon Plaintiff's transfer to CSP–Corcoran in June 2008, and Calipatria in March 2009, Plaintiff was asked during his initial housing reviews whether he had ever been involved in a sexual assault, either as a victim or as an assailant, and that Plaintiff responded negatively on both occasions. ECF No. 12 at 27; Delgado Decl., Ex. E.

There is no physical evidence that substantiates Plaintiff's June 2008 rape allegation. Pl. Dep. 95:1-8. There is no medical documentation that substantiates Plaintiff's June 2008 rape allegation. Porter Dep. 96:6-18; 115:17-25. There is no custodial or investigative documentation that substantiates Plaintiff's June 2008 rape allegation. Pl. Dep. 128:6-16.

In June and July 2008, Defendant Jennings served as the Facility Captain responsible for overseeing custodial operations at CSP–Corcoran's Facility 3A. Jennings Decl. ¶ 4. If Plaintiff would have reported that he had been the victim of a sexual assault to Defendant Jennings, Jennings would have investigated such an allegation, strictly in keeping with CSP–Corcoran's operational procedures. Jennings Decl. ¶ 11. These procedures included interviews with supervisory staff, a medical examination, documenting Plaintiff's physical condition, and placing Plaintiff in a one-man administrative segregation cell until his claims were fully investigated. Jennings Decl. ¶ 10.

In June 2008, Defendant Lowe served as a Correctional Officer in Facility 3A, Housing Unit 5. Lowe Decl. ¶ 2. If Plaintiff would have reported that he had been the victim of a sexual assault to Defendant Lowe, Lowe would have immediately removed him from Facility 3A, Housing Unit 5, and escorted Plaintiff to the Facility 3A program office, and then notified his Sergeant, as well as members of the Investigative Services Unit of Plaintiff's claims. Lowe Decl. ¶¶ 5-6. Plaintiff alleges that during the last week of June 2008, he was raped by his cellmate sometime after 2030 hours. Pl. Dep. 38:8-16; 47:2-8.

In June 2008, Defendant Jennings worked Monday through Friday, from 0800 to 1600 hours, with weekends and holidays off. Jennings Decl. ¶ 8. Barring a significant disturbance or disciplinary concern, such as a riot, there is no reason Defendant Jennings would have been at CSP–Corcoran, or in the vicinity of Facility 3A, outside of his scheduled working hours. Jennings Decl. ¶ 9.

In June 2008, Defendant Lowe worked Tuesday through Saturday, from 0600 to 1400 hours, with Sundays and Mondays off. Lowe Decl. ¶ 2. Plaintiff does not contend that Defendant Lowe was present when the alleged rape occurred. Pl. Dep. 65:12-14, 23-25. Plaintiff did not speak to Defendant Lowe about the alleged rape until the morning after it allegedly took place. ECF No. 12 at 5; Pl. Dep. 69:5-10.

5

Plaintiff alleges that he was sodomized from behind while he was lying face-down on his bed by his cellmate Thompson. Pl. Dep. 56:9-12. Plaintiff alleges that as he was being raped, Defendant Jennings tapped on his cell window from where he was standing outside the Facility 3A housing unit. Pl. Dep. 63:16-18; 90:15-23. Plaintiff alleges that after Jennings tapped on the window, his cellmate pulled Plaintiff's head towards the cell window where Jennings was standing. Pl. Dep. 35:1-4; 63:16-22; 85:3-10.

When the cellmate did so, Defendant Jennings allegedly took a photo of the rape in progress with his cellular phone's camera. Pl. Dep. 85:12-18; 91:1-4, 15-19. Plaintiff did not get a good look at the person who allegedly appeared at the cell window. Pl. Dep. 84:21; 85:13-15. It was dark outside at the time the figure allegedly appeared at the window. Pl. Dep. 84:6-11; 85:12-16.

Plaintiff's cell window that looked out onto the Facility 3A yard was not clean. Pl. Dep. 27:20-28:3. At the time the alleged figure appeared at the cell window, Plaintiff did not recognize the figure as Defendant Jennings because he had never seen Jennings before. Pl. Dep. 88:9-13; 105:16-24; 108:24-109:3. The figure that allegedly appeared at the cell window was visible for two to three seconds. Pl. Dep. 89:1-6; 108:16-22. At the time Plaintiff allegedly saw a figure in his cell window, he claims he was under the effects of a morphine-like opiate. ECF No. 12 at 55; Pl. Dep. 45:4-11; 46:1-4; 92:5-8.

**B.     Additional Statements in Plaintiff's Deposition**

Though Plaintiff did not know the identity of the Defendant who took the picture of Plaintiff at the time, Plaintiff briefly saw the individual's face, and was able to identify that the individual wore a guard uniform with two bars, and had Jheri curls. Pl. Dep. 109:8-25. After seeing Defendant Jennings a week later, Plaintiff concluded that the individual who took a picture the night of the first rape was Defendant Jennings. Pl. Dep. 101:13-24; 106:1-21. Plaintiff informed Defendant Jennings that he had been raped and asked to be moved, and Defendant Jennings replied that Plaintiff would stay there until Defendant became tired. Pl. Dep. 100:21-101:4. Plaintiff was raped at least three times by inmate Thompson while at Corcoran State Prison. Pl. Dep. 78:4-15; 123:6-9. On one occasion, Defendant Lowe brought in a carton of feces for inmate Thompson, who then shoved the feces up Plaintiff's butt, giving Plaintiff a tape worm. Pl. Dep. 80:18-82:1; 118:19-119:5.

Plaintiff told Defendant Lowe the next day after Plaintiff had been raped, to which Defendant Lowe replied that "They told you they were gonna get your ass." Pl. Dep. 69:8-21; 73:20-25. Prior to the first rape, Defendant Lowe made a statement that somebody was going to "talk to" Plaintiff, and that "we're going to teach you how to shut your mouth," which Plaintiff inferred from prison jargon as a threat of an assault or something bad happening to Plaintiff. Pl. Dep. 111:8-21; 114:8-16. Inmate Thompson and Plaintiff ceased being cellmates sometime in November. Pl. Dep. 118:14-18.

## IV. Analysis

### A. Eighth Amendment

Defendants contend that Plaintiff has failed to raise a genuine dispute of material fact as to his Eighth Amendment claims against Defendants Jennings and Lowe. Defs. Mem. P. & A. 8:11-11:8.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. *Farmer,* 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . ." *Id*. at 834 (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

### B. Defendant Jennings

Defendants contend that Plaintiff has not raised a genuine dispute of material fact that Defendant Jennings witnessed Plaintiff being raped and failed to intervene. Defendants contend that

Plaintiff did not get a good look at the figure who appeared at the cell window, it was dark outside at the time, the cell window was not clean, he did not recognize the figure as Defendant Jennings having never met him before, the figure appeared for two or three seconds, and Plaintiff was allegedly under the effects of an opiate.  Defendant Jennings also contends that he was not scheduled to work during the time when the alleged rape occurred.

Defendants have not met their burden of demonstrating that no genuine dispute of material fact exists as to Plaintiff's claim against Defendant Jennings.  Though there are questions about Plaintiff's identification of Defendant Jennings, such questions go to the credibility of the witness, a matter for a trier of fact to decide.  *T.W. Elec. Serv., Inc.*, 809 F.3d at 630.  Additionally, Defendants do not address Plaintiff's testimony that he was raped an additional two times by inmate Thompson.  Plaintiff testified in his deposition that he told Defendant Jennings that he had been raped, but Defendant Jennings failed to act to remove Plaintiff from the serious risk posed by his cellmate.  Accordingly, there remains a genuine dispute of material fact as to Plaintiff's Eighth Amendment claim against Defendant Jennings.  Defendant Jennings is not entitled to summary judgment.

### C. **Defendant Lowe**

Defendants contend that Defendant Lowe was not informed of the initial rape until after the rape had occurred.  Defendants have not met their burden of demonstrating that no genuine dispute of material fact exists as to Plaintiff's claim against Defendant Lowe.  Plaintiff testified in his deposition that Defendant Lowe had stated, "They told you they was gonna get your ass."  This statement, when construed in the light most favorable to Plaintiff as the nonmovant, can be circumstantial evidence that Defendant Lowe knew that Plaintiff would face a risk of serious harm.  Additionally, Defendants do not address Plaintiff's other testimony that Defendant Lowe was apprised of the risk to Plaintiff posed by inmate Thompson and failed to act to prevent additional rapes, and that Defendant Lowe provided inmate Thompson with feces for use to assault Plaintiff.  Accordingly, there remains a genuine dispute of material fact as to Plaintiff's Eighth Amendment claim against Defendant Lowe.  Defendant Lowe is not entitled to judgment as a matter of law.

## V. **Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' Motion for

1  Summary Judgment, filed June 25, 2012, should be denied.

2      These Findings and Recommendations will be submitted to the United States District Judge
3  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days**
4  after being served with these Findings and Recommendations, the parties may file written objections
5  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendations."  A party may respond to another party's objections by filing a response within
7  **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised
8  that failure to file objections within the specified time may waive the right to appeal the District
9  Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:  **February 11, 2013**                    /s/ *Dennis L. Beck*
                                                             UNITED STATES MAGISTRATE JUDGE