# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN JENNINGS, et al.,<br><br>Defendants. | Case No. 1:10-cv-01811-AWI-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS**<br><br>ECF Nos. 131, 132, 133, 134, 135, 136 |

Plaintiff Samuel Kenneth Porter ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendants Jennings and Lowe for failure to protect in violation of the Eighth Amendment.

Pending before the Court are: 1) Plaintiff's motion, filed May 3, 2013, for service of subpoena duces tecum, 2) Plaintiff's motion, filed May 9, 2013, for in camera appointment of polygraph examiner, 3) Plaintiff's motion, filed May 30, 2013, requesting leave to serve written depositions, 4) Plaintiff's motion, filed May 31, 2013, for service of additional subpoenas, and 5) Plaintiff's motion for written deposition, filed June 6, 2013. Plaintiff also filed a motion requesting an extension of time to gather more evidence for trial.

Plaintiff is in effect seeking a modification of the Court's Schedule in order to conduct additional discovery in this action. The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.

1

1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)).  Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a pretrial scheduling order "shall not be modified except upon a showing of good cause," and leave of court.  Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).  Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

Plaintiff fails to demonstrate good cause to modify the schedule in this action.  Discovery was closed as of April 17, 2012.  ECF No. 23. Plaintiff presents no good cause to permit additional discovery.  Plaintiff's indigent and pro se status are not good cause.[1]

Accordingly, it is HEREBY ORDERED that Plaintiff's motions are denied.

IT IS SO ORDERED.

Dated: **June 23, 2013**         /s/ Dennis L. Beck
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is not prohibited from obtaining other documents that he believes are necessary for trial, so long as it does not involve the use of additional discovery requests.