# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN JENNINGS, et al.,<br><br>Defendants. | Case No. 1:10-cv-01811-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION BE DENIED**<br><br>(ECF Nos. 146, 148)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

### I. Background

Plaintiff Samuel Kenneth Porter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint against Defendants Jennings and Lowe for failure to protect in violation of the Eighth Amendment. Pending before the Court are: 1) Plaintiff's motion regarding retaliation by library staff and correctional officers, filed November 14, 2013; and 2) Plaintiff's motion for a court order, filed October 21, 2013. (ECF Nos. 146 & 148.) The Court treats these motions as motions for preliminary injunction. The matter is submitted pursuant to Local Rule 230(*l*).

### II. Motion Regarding Retaliation by Library Staff and Officers

Plaintiff contends that he is being impeded from going to the law library by correctional officers at Calipatria State Prison, and requests a court order that he be allowed access. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

1

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Id.* at 22.

Plaintiff is now incarcerated at Calipatria State Prison. The events at issue in this action occurred at Corcoran State Prison. Calipatria prison officials are not parties to this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). The Court lacks jurisdiction to enforce the rights of parties not before it. Accordingly, Plaintiff's motion, filed November 14, 2013 and construed as a preliminary injunction, should be denied.

**III.    Motion for Court Order**

Plaintiff complains that he is not receiving access to the law library, and that he is unable to copy his exhibits. Plaintiff requests a court order to Calipatria State Prison to receive Preferred Legal User status.  Again, as discussed in detail above, the Court lacks jurisdiction over Calipatria prison officials.  Accordingly, Plaintiff's motion, filed October 21, 2013 and construed as a preliminary injunction, should be denied.

**IV.    <u>Conclusion and Recommendation</u>**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions, filed October 21, 2013 and November 14, 2013, be DENIED for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:    **November 21, 2013**            /s/ *Dennis L. Beck*
                                                             UNITED STATES MAGISTRATE JUDGE