UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER,<br><br>   Plaintiff,<br><br>   v.<br><br>CAPTAIN JENNINGS, et al.,<br><br>   Defendants. | Case No. 1:10-cv-01811-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENAS**<br><br>**ORDERY DENYING PLAINTIFF'S MOTION FOR TRANSCRIPT**<br><br>(ECF Nos. 170 & 171 ) |

Plaintiff Samuel Kenneth Porter ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's First Amended Complaint against Defendants Jennings and Lowe for failure to protect in violation of the Eighth Amendment.  This case is scheduled for trial on March 4, 2014.  On February 7, 2014, Plaintiff filed a motion for subpoenas.  (ECF No. 171.)  On February 10, 2014, Plaintiff filed a motion requesting a full electronic copy of the minutes of the pretrial hearing.  (ECF No. 170.)

**Motion for Subpoenas**

Plaintiff's motion for subpoenas requests that the Court issue subpoenas for four unincarcerated witnesses and one incarcerated witness.  The Court's Second Scheduling order provided Plaintiff with specific instructions on obtaining witnesses for trial.  (ECF No. 139.)  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence

1

must tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.  Plaintiff was required to submit money orders to the Court no later than January 20, 2014.  (ECF No. 139.)  Plaintiff has failed to provide money orders for his proposed witnesses in a timely fashion, and thus, the Court denies his motion for subpoenas for unincarcerated witnesses.

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.  Plaintiff fails to provide any information regarding incarcerated witness M. Hill (#K22496).  Accordingly, Plaintiff's motion for incarcerated witness M. Hill is denied.

**Motion for Transcripts**

Plaintiff provides no reason for requiring a transcript of the pretrial hearing, other than that he is proceeding pro se and in forma pauperis.  Plaintiff is notified that the Pretrial Order, filed after the pretrial hearing, provides in detail all matters discussed during the hearing. (ECF No. 166.)  The Court will provide Plaintiff with an additional copy of the Pretrial Order.  Accordingly, Plaintiff's motion for a transcript of the pretrial hearing is denied.

///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for subpoenas, filed Februrary 7, 2014, is DENIED;
2. Plaintiff's motion for transcripts, filed February 10, 2014 is DENIED; and
3. The Clerk's Office is directed to attach a copy of the Pretrial Order, filed February 4, 2014.

IT IS SO ORDERED.

Dated: **February 21, 2014**     /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE